Alan H. TENCH, Appellant (Plaintiff below),

v.

Adrian F. WEAVER, Jr., Appellee
(Defendant below).

Adrian F. WEAVER, Jr., Appellant
(Defendant below),

v.

Alan H. TENCH, Appellee (Plaintiff below).

Nos. 3068, 3069.

Supreme Court of Wyoming.

Aug. 13, 1962.

Walter Scott, Laramie, for appellant in No. 3068 and appellee in No. 3069.

Pence & Millett, George J. Millett, Laramie, for appellee in No. 3068 and appellant in No. 3069.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case involves the validity of a restrictive covenant in an employment contract of a veterinarian.

Dr. Adrian F. Weaver, Jr., was a practicing veterinarian in Laramie, Albany County, Wyoming, and on August 8, 1957 he employed Dr. Alan H. Tench as an assistant under a written agreement. According to the contract Dr. Tench was to be employed for one year and was to receive 40 percent of the net proceeds of the business. At the end of the year, another veterinarian joined the firm and the three continued to work until in January, 1959, when Dr. Tench was requested to leave.

The employment contract under which Dr. Tench started to work for Dr. Weaver contained, in paragraph 5, the following:

"5. Unless otherwise agreed in writing by Dr. Weaver hereafter, Dr. Tench shall not engage in the practice of Veterinary Science or medicine, nor render any services as Veterinarian for compensation, in the county of Albany, in Wyoming, for a full period of five (5) years after August 31, 1958. Should he attempt directly or indirectly to do so, he shall be liable and pay all of Dr. Weaver's actual damages and expenses, including reasonable attorney's fees, for enforcement of this provision and recovery of any damages sustained by Dr. Weaver on account thereof."

In March, 1959, Dr. Tench obtained employment with the United States Department of Agriculture, Animal Disease Eradication Service. Under this employment he was sent into Albany County to assist in completing the government's program of disease eradication. Dr. Tench's superior in the government's service testified that private practitioners were allowed to do the work under a set contract fee, but the program was to be completed in 18 months. He also testified that Dr. Weaver had received $8,792.15 for his part in testing and vaccinating under the government's program. The remaining work done by Dr. Tench was described as cleanup work which the department of agriculture had not been able to get the private practitioners to do.

The instant litigation was initiated by Dr. Tench to recover fees allegedly earned while he was working for Dr. Weaver. A counterclaim was made by Dr. Weaver in which he claimed damages for violation of the restrictive covenant in the employment contract. He also asked for attorney fees as provided for in the contract and sought to have Dr. Tench enjoined from further violations of the covenant.

The final result was that the parties mutually agreed that the sum of $391.13 was owing from Dr. Weaver to Dr. Tench on account of fees earned during the period of employment, and judgment was given to Dr. Tench for that amount. With respect to the restrictive covenant, the trial court held Dr. Tench guilty of violating the covenant but found that no damages had been proved by Dr. Weaver. It therefore issued an injunction restraining Dr. Tench from the further practice of veterinary science or medicine or rendering any services as veterinarian for compensation in the County of Albany until August 31, 1963. Dr. Weaver was given judgment in the amount of $150 for attorney fees. Both parties have appealed.

Concerning the proper interpretation of paragraph 5 of the contract here involved, we notice first of all that Dr. Tench agreed for a period of time not to "engage in the practice of veterinary science or medicine." This phrase is defined by § 33-369, W.S.1957, in the act pertaining to veterinarians, but § 33-381, W.S.1957, provides specifically that the act shall not apply to veterinarians in the employ of the United States Department of Agriculture, while in the performance of their official duties.

Counsel for Dr. Weaver admitted in his oral argument before this court that the acts of Dr. Tench, during the time complained of, did not constitute an engaging in the practice of veterinary science or medicine. Also, the trial court made no finding to that effect. We can therefore consider any claim that Dr. Tench improperly "engaged" in the practice of veterinary science or medicine waived. However, counsel seriously contends, and the trial court so found, that Dr. Tench violated his agreement not to "render any services as a veterinarian for compensation," in Albany County during the period of restriction.

According to the undisputed testimony of Lewis H. Smith, veterinarian in charge of the department of agriculture program in Wyoming and Dr. Tench's superior, Dr.

Tench was on a fixed salary with the department, but no charge was made by either Dr. Tench or the department of agriculture to the owners of animals, for the work done.

■ In order for Dr. Weaver to prevail on his counterclaim, it is not only necessary for him to prove that Dr. Tench rendered veterinarian services, but he must also prove that such services were rendered "for compensation." We are shown no process of reasoning, precedent or authority for going from the admitted fact that gratuitous services were rendered by the department of agriculture, through Dr. Tench as a paid employee, to the conclusion that the services were rendered by Dr. Tench for compensation.

■ The phrase "burden of proof" is often used as meaning the necessity of establishing a fact to a legally required extent, or the necessity of finally establishing a fact. 31 C.J.S. Evidence § 103, p. 709. We would therefore say, in the case at bar, that it is incumbent upon the complainant, Dr. Weaver, to furnish a reasonable basis for the conclusion which he asks the court to make. This he has failed to do.

In Ridley v. Krout, 63 Wyo. 252, 180 P.2d 124, 127, it was said that the burden is on the employer to prove that the contract is fair, the restrictive covenants reasonable, and that they have a fair relation to, and are really necessary for the protection of employer in the business to which the covenants are an incident.

In the case before us, if the contract were made to apply to veterinarian services performed by Dr. Tench as an employee of the government, it would prohibit acts gratuitously done by the government and acts which are even exempt from the operation of the state veterinarians act. Not only has Dr. Weaver failed to offer positive and affirmative proof that such a restraint is fair and really necessary for the protection of his business, but it is apparent from the

evidence that he failed to make any complaint or protest against the performance of these services until several months later when Dr. Tench requested payment for fees claimed out of his earlier employment. It is also to be noted that Dr. Weaver offered no evidence to show that he was hurt or damaged by the governmental services which Dr. Tench had performed, and the trial court properly held that there was an absence of proof of damages.

■ A restraint to be reasonable must be such only as to afford a fair protection to the interests of the party in favor of whom it is given and not so large as to interfere with the interests of the public, and where a contract in restraint of trade is injurious to the public interest, it will not be sustained. Ohio-Midland Light & Power Company v. Columbus & Southern Ohio Electric Company, Ohio Com.Pl., 123 N.E.2d 675, 677; 17 C.J.S. Contracts §§ 247 and 249, pp. 630 and 632. See also Stanford Motor Co. v. Westman, 151 Neb. 850, 39 N.W.2d 841, 843; Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082, 1086; and Racine v. Bender, 141 Wash. 606, 252 P. 115, 116.

This brings us to the conclusion that the employer, Dr. Weaver, has failed to meet the burden of proof required of him, in that he has offered no substantial evidence to show that it would be reasonable or necessary for the protection of his business to restrict Dr. Tench from the performance of veterinarian services as a paid employee of the United States Department of Agriculture. Moreover, the employer has submitted no authorities as precedent for the contention which he makes and no cogent argument for his position. He has therefore not shown himself to be entitled to the injunction which he sought.

■ The matter of attorney fees must necessarily be determined on the basis of whether Dr. Weaver was justified in making his counterclaim. The contract provides in effect that should Dr. Tench attempt

directly or indirectly to do any of the prohibited acts, he shall be liable and pay Dr. Weaver's actual expenses, including reasonable attorney's fees, for enforcement of the covenant. In view of our holding to the effect that under the evidence the acts in question should not be restrained, we must also hold that the provision for payment of attorney fees did not become operative.

The case should be reversed and remanded with instructions to dissolve the injunction and void the judgment for attorney fees.

Reversed and remanded with instructions.