**WESTERN RADIO
COMMUNICATIONS,
INC., Petitioner,**

v.

**TWO–WAY RADIO SERVICE, INC.,
and Public Service Commission of
Wyoming, Respondents.**

**No. 84–231.**

Supreme Court of Wyoming.

April 24, 1986.

Ronald P. Jurovich and Charles K. Moss, Thermopolis, for petitioner.

L. Craig Clayton, Donald R. Winship & Associates, Casper, for respondent Two-Way Radio Service.

A.G. McClintock, Atty. Gen., Steven R. Shanahan, Sr. Asst. Atty. Gen., and Michael L. Hubbard, Asst. Atty. Gen., Cheyenne, for respondent Public Service Com'n.

Before THOMAS, C.J., and ROSE,* ROONEY,** BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The major issue presented in this case which was certified for review pursuant to Rule 12.09, W.R.A.P., is whether the applicant for a certificate of public convenience and necessity demonstrated by substantial evidence its financial ability and good faith and the necessity of additional service in the community. There are additional issues raised concerning the propriety of issuing a certificate of public convenience and necessity based upon a contingent event and the filing of exhibits subsequent to the hearing held by the Public Service Commission (hereafter the PSC). We conclude that the applicant met its burden of proof with substantial evidence and that there was no error in the proceedings before the PSC. We affirm the order of the PSC.

Two-Way Radio Service, Inc. (hereafter Two-Way) applied to the PSC for a certificate of public convenience and necessity authorizing it to operate a direct dial automated radio paging system in Casper and in Douglas. A Notice of Application was published in a Casper and a Douglas newspaper, and Custom Radio, Inc. and Western Radio Communications, Inc. (hereafter Western) moved to intervene in the proceedings. These two firms were providing similar paging services in the Casper and Douglas areas, and their respective motions to intervene were granted by the PSC. A public hearing was held on the application, and the PSC then issued to Two-Way a certificate of public convenience and necessity. Western filed a petition for rehearing which was denied by the PSC. Western then filed a Petition for Judicial Review in the district court. After ordering that briefs be filed, the district

---

* Retired November 1, 1985.

** Retired November 30, 1985.

court ordered that the case be certified to this court pursuant to Rule 12.09, W.R.A.P.

In its brief in this court Western states the following issues:

"1. Did the Public Service Commission err in issuing its decision based upon a subsequent happening.

"2. Whether the Public Service Commission denied Appellant/Petitioner due process when the Public Service Commission allowed the submission of late exhibits.

"3. Whether the Public Service Commission erred in finding that it was not necessary for an Applicant to prove the public interest or Public Convenience necessity in order for the Public Service Commission to issue a Certificate of Public Convenience and necessity."

The respondent, Two-Way Radio Service, Inc., states substantially the same issues in this way:

"ISSUE I. WHETHER THE PSC ERRED IN MAKING ITS ORDER EFFECTIVE UPON RECEIPT OF THE FCC EXTENSION.

"ISSUE II. WHETHER ALLOWANCE OF LATE–FILED EXHIBITS BY THE PSC CONSTITUTES REVERSIBLE ERROR.

"ISSUE III. WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE PSC'S DETERMINATION."

The PSC in its brief articulated the issues as:

"I. DID THE COMMISSION ERR IN PROVIDING THAT THE CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY WOULD BE EFFECTIVE UPON RECEIPT OF THE FCC EXTENSIONS OF TIME ON THE CONSTRUCTION PERMITS?

"II. WAS WESTERN RADIO DENIED DUE PROCESS WHEN THE COMMISSION ALLOWED WESTERN RADIO'S REQUEST TO HAVE THE APPLICANT'S RULES AND REGULATIONS SUBMITTED AS A LATE–FILED EXHIBIT?

"III. WAS THE COMMISSION'S ORDER ISSUING THE CERTIFICATE OF PUBLIC CONVENIENCE AND NECES-

SITY SUPPORTED BY SUBSTANTIAL EVIDENCE?

The material facts relating to these issues will be set forth in connection with the discussion of each issue.

We address first the issue of whether there was a failure to establish the financial ability and good faith of Two-Way and the necessity of additional service in the community by substantial evidence at the hearing. The essence of Western's argument is that the evidence submitted by Two-Way and upon which the PSC relied is insufficient to demonstrate those statutory criteria; that the PSC indicates in a portion of its findings that Western had a burden of establishing the absence of the statutory criteria; and that the decision of the PSC is arbitrary, capricious or characterized by an abuse of discretion because it is not a rational decision based upon a consideration of relevant factors. Two-Way and the PSC contend that under the usual standards for appellate review there is substantial evidence supporting the findings of fact made by the PSC, and for this reason under the precedents extant in Wyoming the decision of the PSC must be affirmed.

In addressing the statutory criteria found in § 37-2-205(c), W.S.1977, as follows:

"* * * The commission shall have power, after hearing involving the financial ability and good faith of the applicant and the necessity of additional service in the community, to issue said certificate, as prayed for, * * * "

the PSC made the following findings of fact:

"12. The Commission finds that Two-Way Radio has shown by substantial evidence that it has the technical, organizational and financial ability to provide paging service as proposed. Applicant has shown that it has a skilled operation of many years' duration with solid financial backing. The Commission recognizes that Applicant may be optimistic in its projections, however, these projections are merely educated guesses as to

the course of future events. The Commission does not find these matters fatal to Two-Way's application. The more important factor, which was amply demonstrated at the hearing, is the overall financial condition of the operation and the commitment of its principals to its success. Therefore, the Commission finds Two-Way Radio to have the financial ability necessary to implement paging operations.

"13. The issue of whether there exists a public need for another paging service in Casper and Douglas was perhaps the most contested issue in the hearing and the briefs. This issue has several aspects: (a) whether there is a need for a fifth paging service in the Casper area and a second in the Douglas area; (b) whether the respective Casper and Douglas markets can support another carrier; and (c) the extent to which the Commission must or should seek to protect the market integrity of the existing carriers. "The question of whether there is a need for a fifth paging service in the Casper area and a second one in the Douglas area is closely related to the question of whether the respective markets can support another system. Two-Way Radio produced a market survey indicating that out of a small percentage of potential customers included in the survey, 45% of them would be interested in their service. The survey also showed that 70% of the persons surveyed had not been solicited by other paging services.

"The Intervenors offered numerous criticisms of the design of the survey and objections to its admission, but they had no evidence to rebut its results. The survey itself did not pretend to be a scientific survey with statistical validity, but was clearly conducted for the purpose of aiding the Applicant in deciding whether to undertake the paging business. Moreover, the fact that both Intervenors testified to having substantial advertising budgets suggests that they too believe there is an untapped market. "The issue here is not so much the validity of the market survey, however, but

whether this Commission has an obligation to protect existing carriers. In keeping with this Commission's firmly established policy of regulated competition, it is clear that this Commission will not deny an application for certification absent a showing that certification would be unjustified. Mere assertions, without evidence in support, that there is no additional market and that harm to existing carriers will result, are insufficient.

"It is the conclusion of this Commission that there is sufficient evidence to support a finding that: (a) there is a need for a fifth carrier in the Casper area and a second carrier in the Douglas area; (b) the communications markets in both areas are capable of supporting an additional carrier; and (c) the Commission is not obligated to protect the market integrity of the existing carriers."

At the hearing the PSC received financial statements prepared by Two-Way's accountants. Those documents as explained by testimony disclose substantial net profits before taxes for the two years prior to the application. They show substantial retained earnings as of the end of the most recent fiscal year, and reflect total assets of more than $200,000 including more than $50,000 cash as of the end of the preceding fiscal year. Total liabilities were a little more than $100,000 with a net worth of more than $113,000. In addition, since its inception as a business in 1965, Two-Way has shown a net profit for every prior year.

Through its officers and employees, Two-Way had considered the cost of the radio paging service operations and had anticipated income. It had planned a method for financing the purchase of equipment necessary for the radio paging service, and the principal shareholder, who also is an officer of the corporation, testified that he was prepared to commit additional personal assets to the operation of the venture if that were necessary. He testified that he did not perceive that the commitment of his personal assets would be required.

The PSC recognized that the projection of Two-Way of attracting 100 paging service customers in the first year was optimistic. Western contends that it is unrealistic. Western's position, however, simply is an expression of concern that certain events which were relied upon might not occur. It is well established that a mere expression of fear is not enough to defeat a certificate. *Matter of Rule Radiophone Service, Inc.*, Wyo., 621 P.2d 241 (1980).

In arriving at its decision as to whether it should embark upon the radio paging service business, Two-Way did a rather informal market survey. A brief form of questionnaire was sent to approximately 280 potential clients in the Casper and Douglas areas. The mailing list was taken from the Casper Chamber of Commerce Directory and the yellow pages of the phone book for the Casper—Douglas area. Forty-nine or 50 of the questionnaire forms were returned. Included with the questionnaire utilized by Two-Way was a description of the service it proposed to offer and the questionnaire addressed subjects such as utilization of paging services; interest in utilizing paging services; satisfaction with present service; understanding of the system proposed by Two-Way; the number of pagers that might be used; preference for purchase or rentals; approval of anticipated rates; solicitation previously to utilize a paging service; hours of utilization; and whether service would be needed in both the Casper and Douglas areas. Two-Way did rely upon the response to its questionnaire in concluding to submit its application for a certificate of public convenience and necessity.

Western urges here that there is not substantial evidence in the record to support the findings quoted above upon which PSC premised its decision to grant the certificate of public convenience and necessity. Western contends that instead the decision by the PSC was arbitrary and therefore an abuse of discretion. With greater specificity Western contends that the PSC finding of a necessity for another paging service system in both Douglas and Casper was erroneous because it relied upon Two-Way's survey which was not a scientific approach to market sampling.

Western argues that the order of the PSC must be reversed because of the insufficiency of the evidence to meet the statutory standards found in § 37–2–205(c), W.S. 1977. The premise of Western's argument is the authority afforded in § 16–3–114(c), W.S.1977, with respect to judicial review. The statute provides:

" * * * The reviewing court shall:

*       *       *       *       *       *

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accord with law;

*       *       *       *       *       *

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

Western takes out of context the phrase "merely educated guesses" in the finding of the PSC with respect to the financial ability of Two-Way, and argues that the PSC confessed a lack of substantial evidence to support the finding of Two-Way's financial ability. Western contends with respect to the finding of the PSC relating to a need for additional services that not only was there a lack of substantial evidence but that the PSC in effect shifted the burden of proof to Western when it commented that there was no evidence to rebut the results of Two-Way's survey and that it would not deny an application for certification absent a showing that certification would be unjustified. Western further argues that because of these defects with respect to substantial evidence the decision of the PSC is arbitrary. We have defined substantial evidence as relevant evidence which reasonable minds would accept as adequate to support the finding. *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming*, Wyo., 662 P.2d 878 (1983); *McCulloch Gas Transmission Co. v. Public Service Commission of Wyo-*

*ming,* Wyo., 627 P.2d 173 (1981); *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161 (1976), quoting *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). We do examine the entire record before the administrative agency in arriving at a determination as to whether substantial evidence is present. *Atchison v. Career Services Council of State of Wyoming,* Wyo., 664 P.2d 18, cert. denied, 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983); *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming,* supra; *Gilmore v. Oil & Gas Conservation Commission,* Wyo., 642 P.2d 773 (1982). In an appellate review proceeding the burden of establishing the lack of substantial evidence is on the party challenging the existence of substantial evidence. *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming,* supra.

■ In a related attack upon the PSC order Western also insists that the PSC failed to set forth the basic facts upon which its findings are based, and for this reason the findings are contrary to law. There is no question that we have required administrative agencies to include the appropriate findings with respect to basic facts. *Tri-State Generation & Transmission Association, Inc. v. Environmental Quality Council,* Wyo., 590 P.2d 1324 (1979); *Pan American Petroleum Corp. v. Wyoming Oil & Gas Conservation Commission,* Wyo., 446 P.2d 550 (1968). In this instance the PSC has sufficiently articulated the basic facts upon which it acted so that we can determine whether substantial evidence is present to support them. The administrative agency is not required to detail the evidence submitted in order to meet its duty to set forth basic facts.

■ The judicial function which then must be accomplished on review is to determine whether the reviewing court can discover from the evidence a rational view for the decision of the agency. *Holding's Little America v. Board of County Commissioners, Laramie County,* Wyo., 670 P.2d 699 (1983). In this instance we can. Stated another way this means that the PSC decision is not arbitrary because it is supported by evidence in the record which demonstrates the basic facts found by the PSC. *Holding's Little America v. Board of County Commissioners of Laramie County,* supra; *Monahan v. Board of Trustees of Elementary School District No. 9, County of Fremont,* Wyo., 486 P.2d 235 (1971). We accept findings of fact by an agency when they are supported by substantial evidence. *McCulloch Gas Transmission Co. v. Public Service Commission of Wyoming,* supra; *First National Bank of Worland v. Financial Institutions Board,* Wyo., 616 P.2d 787 (1980).

■ We conclude that the PSC properly found that the essential factors set forth in § 37–2–205(c), W.S.1977, for the issuance of a certificate of public convenience and necessity were present. With respect to the finding of financial ability, we have recited the evidence demonstrating Two-Way's financial ability. The finding of the PSC is reasonably based upon the evidence, and Western has not met its burden on review of demonstrating a lack of substantial evidence to support this statutory criterion.

With respect to the necessity for additional service in both the Douglas and Casper area the complaint of Western that the survey was not scientific does not carry Western's burden. A careful reading of finding number 13 of the PSC demonstrates that it did not rely solely upon the market survey in its finding that there was a public need for additional service. Also, it is well established that the weight and credibility of evidence is for the administrative agency to determine based on its expertise and experience. *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming,* supra; *Matter of Rule Radiophone Service, Inc.,* supra; *Pan American Petroleum Corp. v. Wyoming Oil & Gas Conservation Commission,* supra; *Appeal of Williams,* Wyo., 626 P.2d 564,

cert. denied, 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981).

The thrust of Western's objection in the proceeding before the PSC was that the market was completely served and would not support another carrier. This position explains some of the language contained in the finding by the PSC. The effect of that language was to reject the claim by Western that there was no need for another carrier in the Casper and Douglas areas. In this respect the case is quite similar to Matter of Rule Radiophone Service, Inc., supra, in which the court explained that the petitioner on review had failed to make any firm showing that the additional service would be destructive. In that case we said:

> "The public interest is to be given paramount consideration; desires of a utility are secondary. *Big Horn Rural Electric Company v. Pacific Power & Light Company*, Wyo., 1964, 397 P.2d 455. The fact that a new service may have some effect on an existing service does not preclude the creation of additional facilities. Incidental disadvantages are simply weighed in balance against ultimate public advantages. *Hohorst v. Greenville Bus Company*, 1954, 17 N.J. 131, 110 A.2d 122." *Matter of Rule Radiophone Service, Inc.*, supra, at p. 246.

Like the position of the petitioner in the prior case, Western's contention here is "no more than an expression of fear," and it has produced "no hard evidence to support what was no more than speculation." *Matter of Rule Radiophone Service, Inc.*, supra, at 246.

■ Applying the appropriate standards of review, we find that there is substantial evidence to support the finding of the PSC that there does exist a public need for another paging service in Casper and Douglas. In addition to the market survey information furnished by Two-Way, both Western and another objector, Custom Radio, acknowledged a further market for paging services, at least implicitly, in evidence which they produced. In any event the PSC is not required to protect existing markets in considering applications for a certificate of public convenience and necessity. *Matter of Rule Radiophone Service, Inc.*, supra. The burden is upon the party claiming interference with existing services to demonstrate that such interference in fact would occur. *Dubois Telephone Exchange v. Mountain States Telephone & Telegraph Co.*, Wyo., 429 P.2d 812 (1967).

From an examination of the whole record we conclude that substantial evidence does support the basic findings of fact made by the PSC in this case. It follows that such findings are not arbitrary, and under the circumstances the claim that the burden of proof was shifted to Western is not well founded.

■ Turning then to Western's concern on the part of the PSC in issuing a decision which is based upon a subsequent happening, Western's concern is that the certificate of public convenience and necessity was conditioned upon an extension of time by the FCC within which Two-Way could commence transmitting. Western concedes that under the statute it is proper for the PSC to attach conditions to certificates of public convenience and necessity. In *Appeal of Williams*, supra, this court said that the PSC has broad discretion in delineating appropriate conditions, and in that case the condition was that the applicant would apply for an FCC permit. In this case the requisite FCC applications already had been made and granted; the only thing that was not available was an extension of time in which to commence transmissions. The application for the extension had been made, and the extension was necessitated by the fact that Two-Way had not been issued a certificate of public convenience and necessity which was a prerequisite to construction, and certainly transmission, under the terms of § 37–2–205(a), W.S. 1977. We cannot discern any error or impropriety in the order entered by the PSC which had the effect of delaying its effective date until the filing of an extension granted by the FCC. The argument of Western that this form of order inhibited its finality does not merit discussion.

Western goes on to contend that there did occur an error which caused the decision of the PSC not to be in accordance with law because it permitted the late filing of exhibits. This argument more appropriately is treated as one under § 16-3-114(c)(ii)(D), W.S.1977, which requires this court to set aside agency action taken without observance of the procedure required by law. Specifically Western argues that § 16-3-108(c), W.S.1977, permits cross-examination and that it was denied that opportunity because the exhibits were filed subsequent to the hearing. It further claims that Rule 104(e), Rules of the Public Service Commission, allows late exhibits only when all parties agree, all parties waive the right of cross-examination, and all parties are given the opportunity to respond in writing. Western insists that this procedure was not followed. In this case two items were admitted as late-filed exhibits. The first of these was a copy of Two-Way's rules and regulations. These rules had been filed with the PSC prior to the hearing, but they had not been included as an exhibit. Western requested that a copy of the rules and regulations be filed as a late exhibit.

The other late-filed exhibit was a corrected copy of Two-Way's rates and tariffs. There was testimony about these rates at the hearing and Western was given every opportunity to cross-examine about the rates. During Western's cross-examination it became apparent that there was a typographical error in the exhibit, but even so Western lodged no objection to it at the hearing. The late-filed exhibit to which Western objects was a copy of the rates and tariffs which had the typographical error corrected. Western also argues that it had no opportunity to respond in writing to the late-filed exhibit because it did not receive its copy until just before its brief was due and that its failure to move for a continuance in order to exercise that right should be forgiven because Rule 11, Rules of the Public Service Commission, provides that a continuance is discretionary with the PSC. We do not address these latter arguments because it is clear that under the facts and circumstances of this case Western had ample notice of the corrected copy of the rates and tariffs; and if there had been a reason to do so it could have responded to that exhibit in writing its brief.

While it is true that an agency is required to follow its own procedure, *Tri-State Generation & Transmission Association, Inc. v. Environmental Quality Council,* supra; *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978), still the doctrine of invited error may intervene. We have held that when a party induces action by a court or agency he will not be heard to complain on appeal of any error based upon the party's own conduct. *Appeal of Williams,* supra, citing *Weber v. Johnston Fuel Liners, Inc.,* Wyo., 519 P.2d 972 (1974). It follows that if there were any error on the part of the PSC in allowing Two-Way's rules and regulations as a late exhibit Western cannot be heard to complain because it demanded that the exhibit be filed. With respect to the late-filed rates and tariffs that correction of a simple typographical error did not in any way prejudice the rights of Western. In fact, with respect to these two contentions, if they had stood alone as the basis for this appeal, we would have been hard pressed to find a reasonable cause for the appeal.

We hold that there was no error with respect to the admission of late-filed exhibits nor with respect to the contention that the order was improper because based upon the granting of an extension of time to commence broadcasting by the FCC. The evidence was sufficient to support the findings of fact entered by the PSC, and those findings sufficiently set forth the basic facts.

The order of the PSC granting the certificate of public convenience and necessity is affirmed.