The CITY OF CASPER, Appellant (Petitioner),

v.

Michael UTECH, Appellee (Respondent).

No. 93–186.

Supreme Court of Wyoming.

May 11, 1995.

Gayla Lou Daniels, Deputy City Atty., Casper, for appellant.

Harry G. Bondi, P.C., Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,* MACY and TAYLOR, JJ.

THOMAS, Justice.

The controversy in this appeal centers upon the articulation of findings of fact by an administrative agency when the party holding the burden of proof fails to sustain that burden. In a post-termination hearing, the Personnel Review Panel (Board) ruled the City of Casper (Casper) had failed to establish the asserted grounds for discharge of its employee, Michael Utech (Utech) by admissible, relevant, and credible evidence. Its finding as to each ground was that there was insufficient evidence. Casper sought review in the district court where the Board's decision was affirmed. Complaining the Board failed to make findings of basic facts, and the Board's findings of fact and conclusions of law were not supported by sufficient evi-

* Retired July 6, 1994.

dence, Casper appealed. We affirm the decision of the district court.

Casper, in its Brief of Appellant states the issues to be:

I. Whether the Personnel Review Panel made findings of basic facts upon which their ultimate findings of facts were based as required by Wyo.Stat. § 16–3–110?

II. Whether the Personnel Review Panel's findings of fact and conclusions of law are supported by substantial evidence?

The counterstatement of the issues by Utech is:

I. Did the panel make sufficient findings of basic fact to permit meaningful court review?

II. Is there substantial evidence in the record to support the panel's findings that the city did not prove just cause for the employee's termination?

At the time of his discharge, Utech had been employed for sixteen years by Casper and was superintendent of the city garage. The preceding October, the city manager had received a memo from Utech's supervisor in which termination of Utech's employment was recommended. The city manager conducted a pre-termination hearing, at which Utech was not allowed representation by counsel, to determine the basis for this recommendation. The city manager then addressed a letter of termination to Utech.

In that letter, which was given to Utech on January 24, 1992, Casper notified him his employment would be terminated because of his actions with respect to supervisory practices, personal problems brought to the job, and use of city-owned property. Specifically, the letter stated:

### Supervisory Practices

1. Threatening employees, under your supervision, both verbally and physically.

2. Creating or allowing to exist, an atmosphere that's detrimental to the work site that you are responsible for supervising.

3. Inconsistent treatment of employees under your supervision.

### Personal Problems Brought to the Job

1. Harassment of City Employees
   A. 06–10–91 Written reprimand.
   B. 08–26–91 Citizen complaint.
   C. Criminal Action No. 91–17212.

### Use of City-owned Property

1. Unauthorized use of City-owned property, by yourself and by employees under your supervision.

Utech's employment was terminated, according to the letter, the same day.

Utech requested, and received, a post-termination hearing before the Board. The parties stipulated that the structure of the hearing imposed the burden of proof upon Casper. We have defined the concept of burden of proof in this way:

The phrase "burden of proof" is often used as meaning the necessity of establishing a fact to a legally required extent, or the necessity of finally establishing a fact. 31 C.J.S. Evidence § 103, p. 709.

*Tench v. Weaver,* 374 P.2d 27, 29 (Wyo.1962).

The encyclopedia tells us:

The term burden of proof has been used to describe two related but distinct concepts: the burden of production and the burden of persuasion.

\*　　\*　　\*　　\*　　\*　　\*

The burden of persuasion aspect of the burden of proof describes the obligation of a party to introduce evidence that persuades the factfinder, to a requisite degree of belief, that a particular proposition of fact is true.

The burden of persuasion has two components; first, the facts a party must plead and prove in order to prevail on a particular issue, and second, how persuasively it must prove those facts.

29 Am.Jur.2d *Evidence* § 155, 181–82 (1994) (footnotes omitted).

Casper was required to submit sufficient evidence of just cause to terminate Utech's employment, and it was charged with doing so by a preponderance of the evidence.

Following a lengthy hearing in which numerous witnesses testified and a number of

exhibits were introduced, the Board made these conclusions of law pertinent to this appeal:

6. The City has presented insufficient admissible, relevant and credible evidence to conclude that there was just cause to terminate the employment of Michael Utech.

7. The Personnel Review Panel concludes, as a matter of law, that the City of Casper has not met its burden of proving that there was just cause for the termination of the employment of Michael Utech.

The Board's findings of fact with respect to these conclusions of law were:

11. Insufficient evidence was received by the Panel to find that while Michael Utech was the Superintendent of the Garage he threatened employees under his supervision.

12. Insufficient evidence was received by the Panel to find that Michael Utech created or allowed to exist an atmosphere detrimental to the work site.

13. Insufficient evidence was received by the Panel to find that Michael Utech was responsible for inconsistent treatment of employees under his supervision.

14. Insufficient evidence was received by the Panel to find that Michael Utech harassed City employees.

15. Insufficient evidence was received by the Panel to find that Michael Utech used city property without authorization.

The Board ordered that the decision of the city manager be reversed.

█ Casper asserted the findings of fact did not comply with WYO.STAT. § 16–3–110 (1990), and it requested the Board to specify the basic facts which led to its findings of insufficient evidence on these points. While the Board's ruling was pending, Casper appealed the Board's decision to the district court, where Casper asserted the identical issue. The district court ruled the findings provided a reasonable basis for the decision of the Board, and it affirmed that decision. Casper has appealed from the Order Affirming entered in the district court.

Casper relies fiercely upon the decision of this court in *Pan American Petroleum Corp.*

*v. Wyoming Oil and Gas Conservation Comm'n,* 446 P.2d 550 (Wyo.1968). We there articulated the requirement that an agency must encompass in its decision findings of basic facts sufficient to assist the court in applying the substantial evidence standard. Casper bolsters its reliance upon *Pan American* by citation to a number of other cases which have reiterated the requirement for findings of basic facts. *Holding's Little America v. Bd. of County Comm'rs of Laramie County,* 670 P.2d 699 (Wyo.1983). *See Campbell County v. Wyoming Community College Comm'n,* 731 P.2d 1174 (Wyo.1987); *Mountain Fuel Supply Co. v. Pub. Serv. Comm'n of Wyoming,* 662 P.2d 878 (Wyo.1983); *Larsen v. Wyoming Oil and Gas Conservation Comm'n,* 569 P.2d 87 (Wyo.1977); *Powell v. Bd. of Trustees of Crook County Sch. Dist. No. 1,* 550 P.2d 1112 (Wyo.1976); *Geraud v. Schrader,* 531 P.2d 872 (Wyo.1975), *cert. denied sub nom., Wind River Indian Educ. Ass'n, Inc. v. Ward,* 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). We cannot deny the rule of *Pan American* and its progeny with respect to the requirement that administrative agencies make specific findings of basic facts.

█ On the other hand, Utech insists Casper is demanding too much and beyond that which our cases require in asserting that the content of an agency's basic factual findings must summarize the evidence or detail how the agency weighed and evaluated that testimony. We agree mere summaries of evidence are insufficient to constitute findings. 2 FRANK E. COOPER, STATE ADMINISTRATIVE LAW 471, 478 (1965). Our rule is that the agency, as the trier of fact, has the duty to weigh the evidence and determine the credibility of the evidence and the witnesses. *E.g., Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873 (Wyo.1994); *Knight v. Envtl. Quality Council of State of Wyoming,* 805 P.2d 268 (Wyo.1991); *Story v. Wyoming State Bd. of Medical Examiners,* 721 P.2d 1013 (Wyo.1986); *Westates Const. Co. v. Sheridan County Sch. Dist. No. 2, Bd. of Trustees,* 719 P.2d 1366 (Wyo.1986); *W. Radio Communications, Inc. v. Two–Way Radio Serv., Inc.,* 718 P.2d 15 (Wyo.1986); *Employment Security Comm'n of Wyoming v.*

*Bryant,* 704 P.2d 1311 (Wyo.1985); *Gilmore v. Oil and Gas Conservation Comm'n,* 642 P.2d 773 (1982); *First Nat'l Bank of Worland v. Fin. Institutions Bd.,* 616 P.2d 787 (Wyo.1980); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432 (Wyo.1974). Indeed, it is because of that duty we defer to the findings of fact made by administrative agencies. *E.g., Wyoming Steel & Fab, Inc.; L & H Welding and Machine Co. v. State ex rel. Wyoming Worker's Compensation Div.,* 876 P.2d 984 (Wyo.1994); *Hohnholt v. Basin Elec. Power Co-op,* 784 P.2d 233 (Wyo.1989); *Trout v. Wyoming Oil and Gas Conservation Comm'n,* 721 P.2d 1047 (Wyo.1986).

■ It is at this point we depart in this case from the argument of Casper and its reliance upon *Pan American* and its progeny. Those cases do not address the situation in which there is no finding of fact. Neither does WYO.STAT. § 16–3–110 speak to that situation. The cases and the statute are concerned with a requirement that is imposed when facts are found. Even accounting for the dichotomy articulated in *Pan American* with respect to whether the burden of proof encompasses the burden of establishing the case as a whole or the burden to establish a *prima facie* case at a certain stage of the hearing, we are satisfied that, when the agency concludes there is a failure of proof because "insufficient evidence was received by the panel" to permit the agency to find any of the allegations of the party charged with the burden of proof, *Pan American* does not apply.

It is clear Casper is demanding an explanation by the Board of why or how it reached the conclusion that, "[t]he City has presented insufficient admissible, relevant and credible evidence to conclude that there was just cause to terminate the employment of Michael Utech." Our difficulty with Casper's argument is that we discern no way in which the articulation of why or how the evidence was insufficient to establish facts will assist us in appellate review. Should that explanation be forthcoming, probably along the lines of Utech's brief, it would be of no assistance since we are not permitted to reweigh the evidence nor to tread upon the agency disposition of credibility.

We are satisfied, given some thirty years of additional experience with respect to administrative proceedings, a practical and pragmatic rule can be announced with respect to this issue. We hold, since we cannot reweigh the evidence nor redetermine the credibility of the evidence, no purpose is to be served by demanding the agency explain how it evaluated the evidence in arriving at a conclusion that a party failed to meet its burden of proof.

Instead, we are satisfied such cases come within the argument made by Casper with respect to its second issue addressing the sufficiency of the evidence, and the case must be considered under the arbitrary, capricious, and contrary to law language of WYO. STAT. § 16–3–114(c)(ii) (1990). In making this argument, Casper relies upon *Mekss v. Wyoming Girls' Sch.,* 813 P.2d 185 (Wyo. 1991), *cert. denied,* 502 U.S. 1032, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992); *FMC v. Lane,* 773 P.2d 163 (Wyo.1989); and *Mountain Fuel.* An agency's decision totally contrary to the evidence in the record is subject to such a test. We would have no equivocation in reversing and remanding such a decision.

The decision to reverse and remand on the ground the agency decision is arbitrary, capricious, and contrary to law because it is totally contrary to the evidence could only be made based upon our examination of the entire record, a duty we are charged with under the statute. WYO.STAT. § 16–3–114(c). *See, e.g., L & H Welding; Hohnholt; Trout.* Our examination of this record satisfies us the decision of the Board was not arbitrary; was not capricious; was not an abuse of discretion; and there is no other justification for concluding it was not in accordance with law. It is plain to us that, having heard the evidence of the several witnesses, the Board, with justification, decided some witnesses were motivated by malice or ill will; some of the occurrences were exaggerated, if not fabricated; some information was simply presented to add weight to the proceedings; some of the witnesses were not truthful; and, indeed, the evidence was not sufficient to sustain the allegations made by Casper in the letter of dismissal given to Utech.

The Order Affirming entered in the district court is affirmed.

GOLDEN, Chief Justice, dissenting, with whom MACY, Justice, joins.

I respectfully dissent. Affirming an agency decision based upon conclusions unsupported by any factual findings ignores Wyo. STAT. § 16–3–110 and effectively overrules our decision in *Pan American Petroleum Corp. v. Wyoming Oil & Gas Conservation Comm'n*, 446 P.2d 550 (Wyo.1968).

Although the majority opinion states that it can "discern no way in which the articulation of why or how the evidence was insufficient to establish facts will assist us in appellate review," previous opinions of this court have consistently held that Wyo.Stat. § 16–3–110 imposes a duty on an agency to support its action with sufficient factual findings to further appellate review under Wyo.Stat. § 16–3–114(c) (1990). *Dept. of Employment v. Roberts Constr. Co.*, 841 P.2d 854, 858 (Wyo.1992); *Application of Campbell County*, 731 P.2d 1174, 1176 (Wyo.1987); *Mountain Fuel Supply Co. v. Public Service Comm'n*, 662 P.2d 878, 882 (Wyo.1983); *Pan American*, 446 P.2d at 555. The rule from the statutes and our decisions is clear; this court must know what factual considerations led to a particular conclusion or this court's review is impeded.

In a number of cases, this court has considered the requirements of § 16–3–110; explained the statute's rationale for requiring basic facts; defined basic facts; defined ultimate facts; and demonstrated how the two are properly distinguished. *Pan American*, 446 P.2d at 555; *Union Pacific Railroad v. Bd. of Equalization*, 802 P.2d 856, 860 (Wyo. 1990); *FMC v. Lane*, 773 P.2d 163, 165 (Wyo. 1989); *Schulthess v. Carollo*, 832 P.2d 552, 556 (Wyo.1992). The insufficient evidence findings in this case are conclusory and, therefore, are ultimate facts to be supported by basic facts. *See Pan American*, 446 P.2d at 555 (a finding of "insufficient evidence" was conclusory and an ultimate fact); *Shenefield v. Sheridan County Sch. Dist. No. 1*, 544 P.2d 870, 872 (Wyo.1976) (a finding of "has been discriminated against" is conclusory); and *Powell v. Bd. of Trustees, Crook County Sch. Dist. No. 1*, 550 P.2d 1112, 1120 (Wyo.1976) (a finding of "unable to control conduct" is conclusory). A similar conclusory finding was considered in *Pan American*, where the petitioner was challenging, among other issues, an agency's finding that the evidence submitted to it did not establish sufficient cause for the agency's granting the petitioner's application for an exception to drill an oil well to protect the petitioner's correlative rights. *Pan American*, 446 P.2d at 553.

Examining that part of the agency's order entitled "FINDINGS," we looked at the matters stated there pertaining to the important factual issues concerning the necessity of an exception well to protect the petitioner's correlative rights. *Id.* at 555. In the agency's appellate brief, the agency said it found that the petitioner " 'had failed to carry its burden of proof and to submit substantial evidence relating to [the] exception requested.' " *Id.* We characterized the agency's statement as "a conclusion, not a finding." *Id.* In particular, we criticized the agency for not showing "appropriately ... wherein [petitioner] failed in its proof." *Id.* We admonished that "it is not incumbent upon [the reviewing court] to search the record to supply such an omission." *Id.* Those same criticisms apply to the conclusory findings of this case.

Although the limited review permitted this court for agency decisions does not allow us to weigh the evidence, determine credibility or substitute our judgment for the agency's, we rely on the agency's findings of basic fact to provide a rational basis for judicial review. *Pan American*, 446 P.2d at 555. Ultimate facts can only be reached by a process of legal reasoning based on the legal significance of basic or evidentiary facts. *Id.* Basic facts must be settled before it can be determined that ultimate facts found by an agency conform to law. *Id.* A reviewing court defers to basic facts if supported by substantial evidence and affirms the agency's decision if the ultimate facts and legal conclusions logically and reasonably flow from those basic facts. *Id.* We must also examine the conflicting evidence to determine if the agency reasonably could have made its findings and order based upon all of the

evidence before it. *Gilmore v. Wyoming Oil & Gas Conservation Comm'n*, 642 P.2d 773, 776 (Wyo.1982).

In its findings of basic fact, an agency may not merely summarize the evidence, *see Roberts Constr. Co.*, 841 P.2d at 858, but must thoroughly explain each ultimate fact or conclusion in order for the reviewing court to determine the basis upon which the ultimate fact or conclusion was reached. *FMC*, 773 P.2d at 165. It is clearly necessary, then, to find the proper middle ground "between a detailed reciting of the evidence on the one hand and a bare statement of the conclusions of fact or the *ultimate* facts on the other." COOPER, FRANK E., *State Administrative Law*, Vol. II, at 470. As *Pan American* explains, an agency must make findings of basic fact on all material issues in the proceeding and upon which ultimate findings of fact or conclusions are based. Then the reviewing court can determine whether evidence was considered on a reasonable and proper basis. *Pan American*, 446 P.2d at 555.

In my opinion, had the agency's decision simply stated the evidence was sufficient to terminate for just cause, the majority would most certainly have reversed. There is no real difference between the facts of this case and the scenario presented, but the rule articulated by the majority will necessitate our approving agency decisions which merely find insufficient evidence or sufficient evidence. I would reverse and remand.