PACIFICORP, INC., Appellant
(Petitioner),

v.

DEPARTMENT OF REVENUE, State of
Wyoming, Appellee (Respondent).

No. 99–279.

Supreme Court of Wyoming.

Nov. 15, 2000.

Rehearing Held in Abeyance Dec. 19, 2000.

Representing Appellant: W. Perry Dray of Dray, Thomson & Dyekman, P.C., Cheyenne, Wyoming; and Richard G. Smith of Hawley, Troxell, Ennis & Hawley, LLP, Boise, ID.

Representing Appellee: Gay Woodhouse, Attorney General; Rowena L. Heckert, Deputy Attorney General; and Jay Jerde, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL, and KITE, JJ.

THOMAS, Justice.

The crux of this case is found in the claim of Pacificorp, Inc. (Pacificorp) that the Department of Revenue (Department) is required to apply a Wyoming market to book ratio in valuing Pacificorp's tax-exempt property for 1996. Pacificorp contends that the Department erred in valuing its tax-exempt property for 1996 because in adjusting for depreciation and obsolescence the Department was required to apply the Wyoming market to book ratio of 90.08% instead of the system market to book ratio of 82.4122%. Pacificorp argues that the Department is required to use the higher ratio, which applies specifically in Wyoming, rather than the more general ratio, which is derived from property in Wyoming and other jurisdictions. Pacificorp asserts that the appraisal formula applied by the Department is not rational because of the substitution of a general factor for a specific Wyoming factor in valuing Pacificorp's Wyoming property. The Department, as it did before the Board of Equalization (Board), relies upon the presumption of the correctness of an agency interpretation, the historical application of the same formula, the notification to taxpayers that the formula would be so constructed, and the failure of Pacificorp to meet its burden of persuasion by presenting evidence that the presumption of correctness was erroneous. It is our conclusion that the Department was not required to invoke the Wyoming market to book ratio to value the property in harmony with the law. We affirm the decision of the Board.

This statement of the issues is found in the Brief of Appellant:

I. Did the State Board err in failing to conclude that the 1996 valuation of Pacificorp's exempt property by the Department of Revenue was erroneous, and that accordingly Pacificorp's ad valorem assessment for the 1996 tax year exceeded the fair market value of Pacificorp's property, in violation of W.S. §§ 39–2–102 and 39–2–201(a)?

II. Did the State Board abuse its discretion and deny Pacificorp due process in denying Pacificorp's motion for leave to present testimony and other evidence at a hearing in this matter?

This Statement of the Issues is found in the Brief of Appellee, filed on behalf of the Department:

I. Is the Wyoming State Board of Equalization's decision that PacifiCorp failed to meet its burden of proof in the expedited contested case arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

II. Did PacifiCorp waive its right to challenge the expedited contested case procedure by participating in the expedited contested case without objecting to the expedited procedure?

At issue in this case is the valuation of Pacificorp's Wyoming property for 1996. For purposes of our discussion, the valuation process began with a unitary valuation of all of Pacificorp's property wherever it was situated. Pacificorp submitted the information utilized by the Department in its required annual report.[1] That valuation was accomplished by the application of appraisal methods that had been used historically for the purpose of arriving at the unitary fair market value of Pacificorp's property.[2] These included the historic cost less depreciation model, the rate base model, the yield capitalization model, the direct capitalization model, and the stock and debt model. From the application of these models, the Department arrived at a system-correlated value of

---

**1.** Wyo. State Bd. of Equal., Rules and Regulations, ch. XXXIII, § 5 (Oct. 12, 1995).

**2.** Wyo. State Bd. of Equal., Rules and Regulations, ch. XXXIII, §§ 6 and 7 (Oct. 12, 1995).

$6,400,000,000.[3] The Department then applied an allocation percentage of 22.183% to arrive at a Wyoming base value of $1,419,712,000.[4] [R. 270] The system correlated value resulted in a market value to adjusted cost ratio of 82.4122%, which the Department then utilized in the exemption adjustment factor in arriving at the adjusted value of the Wyoming exempt property.

The Board found that Pacificorp did not contest the unitary valuation or the Wyoming base value. Those findings rely upon the utilization of the unitary valuation and the Wyoming base value in Exhibit A, PacifiCorp Wyoming Valuation, which was presented by Pacificorp in its Trial Memorandum submitted to the Board. The Board's findings are confirmed by the Brief of Appellant, in which, after alluding to the unitary valuation step, and stating the Department determined it to be $6,400,000,000, Pacificorp states, "[t]hat valuation is not in dispute here." Subsequently, after describing the allocation step, Pacificorp states, "[t]he formula used by the Department with respect to electric utilities is also not in dispute in this case. That formula results in an allocation to Wyoming of 22.183% of the System Value, producing a Wyoming Value of $1,419,712,000."

The third step in the Wyoming appraisal was to deduct the value of the tax-exempt property in order to determine the value of the property subject to the Wyoming ad valorem tax. The Department made that computation by reducing the cost of the Wyoming tax-exempt property by the system valuation ratio of market value to adjusted cost, 82.4122%, which it then applied to the cost of the Wyoming tax-exempt equipment to arrive at the value of the tax-exempt equipment. In its appeal to the Board, Pacificorp described the crux of the case in this way:

The basis for this appeal is that there is no rational or logical reason why exempt property should be deducted based on a *system-wide* market-to-book ratio, when it is the *Wyoming* property that is being valued and it is *Wyoming* property that is being deducted in the exemption calculation.

(Emphasis in original.) This claim was based upon Pacificorp's argument that when a portion of the company's system-wide value was allocated to Wyoming, Wyoming costs could be compared to the allocated portion of the system value, which resulted in a market to cost ratio of 90.08%. Pacificorp argued strenuously that the cost of the Wyoming tax-exempt property should have been discounted by that larger percentage which would have valued the tax-exempt property at $332,746,423 rather than the $304,422,470 value assigned by the Department. The result of adopting the methodology advanced by Pacificorp would have been a reduction of valuation of its Wyoming property by $28,323,953.

The Board, in its Findings of Fact, Conclusion of Law, Decision and Order, capsulized the contention of Pacificorp in Findings of Fact, Nos. 6 and 17:

6. There was an exemption adjustment factor applied to the net exempt property value to reduce the value of the exempt property to present-day value. The factor used by the Department was 82.4122%. The Department's adjustment factor was a *system* to market book ratio. The Department's Adjustment factor was calculated as follows:

"The Exemption Adjustment Factor is equal to the System Correlated Value divided by the Total Operating Property and Equipment (Line VI plus Line VIII in the Valuation Section of the HCLD Model)." * * *.

It is this "Exemption Adjustment Factor" Petitioner asserts is wrong. The Petitioner believes the adjustment factor should be the *state equipment value* to market book ratio.

* * *

17. Attached to Petitioner's Trial Memorandum and referred to in the Memorandum was *The Study of State–Assessed Property, Procedural Audit of Methodologies, December 9, 1994*. This is the only evidence before the Board to demonstrate

---

3. Wyo. State Bd. of Equal., Rules and Regulations, ch. XXXIII, § 8 (Oct. 12, 1995).

4. Wyo. State Bd. of Equal., Rules and Regulations, ch. XXXIII, § 9 (Oct. 12, 1995).

the Department's system to market-book ratio is incorrect and that the ratio Petitioner wants the Department to use, the state to market-book ratio is correct. This study included a recommendation as follows:

> "Recommendation # 19
>
> In most cases, it should make little valuation difference whether the deduction for non-taxables is made based upon a relationship between system value or allocated state value and property· investment. When a significant difference does arise, the appraiser should first reconsider his/her allocation factor then, when comfortable, base the deduction for non-taxables on the investment relationship between non-taxables and total state investment (i.e. state investment in non-taxable assets divided [by] total state investment) and apply this ratio to the allocated state value."

(Emphasis in original.) In its Conclusions of Law, the Board said:

> 22. The Department's valuation established for state-assessed property, is presumed valid, accurate, and correct, a presumption which survives until overturned by credible evidence. In the absence of· evidence to the contrary, it is presumed the official charged with establishing value, be it a county assessor or a Department appraiser, exercises honest judgment in accordance with the applicable statutes, rules, regulations, and other directives which have passed public scrutiny, either through legislative enactment or agency rule making, or both. *Chicago Burlington & Quincy Railroad Co. v. Bruch,* 400 P.2d 494, 499 (Wyo.1965).

The Board then concluded that the Board's rules required Pacificorp to assume the burden of going forward with evidence as well as the ultimate burden of persuasion. It concluded that Pacificorp had failed to present the requisite credible evidence to overcome the presumption of validity, and it had failed to meet its burden of persuasion.

With respect to an asserted procedural right of Pacificorp to have an opportunity to present evidence after it had anticipated the assignment of the matter to the expedited docket, and the Board had so assigned it, the Board ruled that Pacificorp "had ample opportunity to present evidence either in writing or to object to the assignment of expedited docket * * *," and it had failed to take advantage of either opportunity. The Board then affirmed the Department's valuation of the property.

Pacificorp sought judicial review of the Board's decision in the District Court of the First Judicial District, County of Laramie. That court then certified the case to this Court under the provisions of W.R.A.P. 12.09.

In *Basin Elec. Power Co-op., Inc. v. Department of Revenue, State of Wyo.,* 970 P.2d 841, 851 (Wyo.1998), we spoke to our function as a reviewing court in this way:

> "In examining the propriety of the valuation method, 'our task is not to determine which of various appraisal methods is best or most accurately estimates [fair market value]; rather, it is to determine whether substantial evidence exists to support usage of the [chosen] method of appraisal.'" *Amoco Prod. Co. v. State Bd. of Equalization,* 899 P.2d 855, 858 (Wyo.1995) (quoting *Holly Sugar Corp. v. State Bd. of Equalization,* 839 P.2d 959, 963 (Wyo.1992)). However, the disagreement between the parties here does not concern the Department's choice of appraisal methods. The controversy concerns the proper application of those methods to the facts, which is an issue of ultimate fact, requiring *de novo* review.

(Footnote omitted.) In addition, the Department reminds us of the standard adopted when reviewing a failure to meet the burden of proof assigned to a party:

> "When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the '[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law' language of Wyo. Stat. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant, Pederson in this instance, has the burden of proving arbi-

trary administrative action. *Knight v. Environmental Quality Council of State of Wyo.*, 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham*, 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch*, 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech*, 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994)."

*Pederson v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo.1997). *Pederson* has been followed as recently as *Murray v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 993 P.2d 327, 329–30 (Wyo.1999). *Hat Six Homes, Inc. v. State, Dept. of Employment, Unemployment Ins. Com'n*, 6 P.3d 1287, 1292 (Wyo.2000).

In arguing its claim of error in this Court, Pacificorp relies upon Recommendation # 19 from the *Study of State–Assessed Property, Procedural Audit of Methodologies*, December 9, 1994, quoted by the Board in its Findings of Fact, Conclusion of Law, Decision and Order. Claiming a significant difference in valuation, it asserts that the Department should be bound by the principle articulated in the study:

> When a significant difference does arise, the appraiser should first reconsider his/her allocation factor then, when comfortable, base the deduction for non-taxables on the investment relationship between non-taxables and total state investment (i.e. state investment in non-taxable assets divided [by] total state investment) and apply this ratio to the allocated state value.

Pacificorp couples this assertion with reliance on *Holly Sugar Corp. v. State Bd. of Equalization for State of Wyo.*, 839 P.2d 959, 966 (Wyo.1992) and *J. Ray McDermott & Co. v. Hudson*, 370 P.2d 364, 370 (Wyo.1962), contending that those cases demonstrate that the Board must use specific valuation information when it is available, and must take into account factors peculiarly applicable to the taxpayer in arriving at valuations. Pacificorp also argues that under *Basin Elec. Power Co-op., Inc.*, 970 P.2d at 852, this controversy involves the application of the appraisal method to the particular facts, which is reviewable *de novo*.

In its appellate brief, Pacificorp advises this Court that, "[t]he correct answer in this case should be derived from logic, common sense and the application of simple mathematics." This Court then is favored with mathematical wizardry that, on the surface, appears to demonstrate the logic and common sense that Pacificorp contends leads to the result that it claims. We are not satisfied so readily by the record and the arguments which are propounded on behalf of Pacificorp.

■ The essential fallacy in the valuation method proposed by Pacificorp in Exhibit A to its Trial Memorandum before the Board is that it purports to identify Wyoming plant costs and the cost of Wyoming non-taxable assets, which it then substitutes, after netting those figures, as the cost factor in determining the Wyoming market to book ratio while retaining the Wyoming base value as determined by the Department as the market factor. This substitution results in what Pacificorp describes as a "significant difference" between the Wyoming market to book ratio and the system market to Wyoming book ratio. This approach gives little credence to the caveat appearing on page 74 of the *Study of State–Assessed Property, Procedural Audit of Methodologies:*

> The rationale for this approach [multiply the net book investment in non-taxable property (as reported in the annual report) by the ratio of total system *value* to total system *investment*] is to deduct value from value rather than cost from value. Having determined the market value of the property in Wyoming, it would be inappropriate to deduct the cost, rather than the market value, of the non-taxable property.

(Emphasis in original.) By relying upon the Wyoming base value, which is a product of the adjustment previously made by applying the system market to Wyoming book ratio, while invoking Wyoming costs for the non-taxable property, Pacificorp is comparing it to Wyoming costs, which results in an inappropriate deduction of Wyoming "cost, rather than the market value, of the non-taxable property." In arriving at the critical ratios for the valuation method that Pacificorp proposes, it is using the Wyoming adjusted value from the Department formula, but instead of using Wyoming costs adjusted by the same factor, it is using actual costs. This despite the fact that the non-taxable assets were discounted by the system market to Wyoming book ratio formula before they were included in the assets allocated to Wyoming.

The method proposed by Pacificorp, if it had been invoked by the Department, would have resulted in substantially the same criticism of the Department that we voiced in *Basin Elec. Power Co-op., Inc.*, 970 P.2d at 856–57:

> However, the Department imputed a for-profit income to Basin, then applied a direct capitalization rate, different from the yield capitalization rates it applied to for-profit utilities, because Basin is a non-profit company. It is logically inconsistent to impute a for-profit income and then to apply a capitalization rate which appears to be designed for use with a non-profit stream of income. Additionally,
>
> > "[The direct capitalization] model requires the use of P/E (price/earnings) ratios, *i.e.*, mathematical ratios derived from comparing the price at which particular companies' stock sold with the earnings of those companies. If an appraiser uses P/E ratios, it is vital that the ratios be for 'comparable' companies, *i.e.*, be derived from companies sufficiently similar to the company being evaluated to make use of the ratios analytically meaningful."
>
> *Union Pacific Railroad Co. v. Dept. of Rev.*, 315 Or. 11, 843 P.2d 864, 874 (Or. 1992).

The Department takes the untenable position that non-profit utilities are sufficiently different from investor-owned utilities to justify use of different valuation methodologies and capitalization rates, yet uses investor-owned utilities as "comparables" in its direct capitalization approach. * * *

The Board's rationale for using a direct capitalization rate, rather than the same yield capitalization rate it uses for those purportedly "comparable" companies, is arbitrary, capricious and not in accordance with the law.

The method proposed by Pacificorp in this case is indeed a comparison of apples with oranges, and it is an anathema in terms of a logical and consistent appraisal method.

It is clear from the record, and Pacificorp does not dispute the fact, that the same valuation methodology was applied to all public utilities of the same class. To adopt for Pacificorp the adjustment it sought would have resulted in a deviation from the uniformity requirement of Wyo. Const. art. 15, § 11. *See Gray v. Wyoming State Bd. of Equalization*, 896 P.2d 1347, 1351 (Wyo. 1995). We hold that the ruling by the Board was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law so as to require correction pursuant to Wyo. Stat. Ann. § 16–3–114(c)(ii) (Lexis 1999). Even applying the *de novo* review suggested in *Basin Elec. Power Co-op., Inc.*, we are in accord with the Board that Pacificorp failed to carry its burden of producing evidence to overcome the presumption of correctness that attaches to the valuation methodology used by the Department.

■ This latter holding brings us to consideration of the claim by Pacificorp that the Board abused its discretion and deprived Pacificorp of due process "in denying Pacificorp's motion for leave to present testimony and other evidence at a hearing in this matter[ .]" The Matter of the Appeal of Pacificorp was assigned to the Expedited Docket by the Briefing Order (Expedited Docket) entered by the Board on May 7, 1997, in accordance with the Rules and Regulations of the Board, which provide in pertinent part:

Section 14. *Expedited Contested Case.*

(a) A contested case may be expedited if the case is:

(i) A matter in which there are no disputed issues of material fact; or

(ii) A matter in which the parties agree to an expedited proceeding, provided the Board retains the authority to convert at any time the proceeding to a regular contested case when it appears essential facts must be determined in order to permit adequate presentation and disposition of the case.

(b) Any party shall have ten (10) days from the date of the Board order scheduling a matter as an expedited case to request reconsideration.

(c) An expedited contested case shall consist of review of any written argument and evidence. Limited oral argument to the Board after submission of all written material shall be permitted upon written request of a party.

Pacificorp did not request reconsideration of the assignment of the matter to the expedited docket within the ten-day period provided in the rules of the Board. That was consistent with the anticipation by Pacificorp, that the case would be expedited, set forth in its transmittal letter for its notice of appeal on July 16, 1996. It was not until July 11, 1997, that Pacificorp sought leave to present testimony concerning the issues in its Trial Memorandum filed on that day.

On this question, the Department relies upon *In re Wright*, 983 P.2d 1227, 1231 (Wyo. 1999), for the proposition that Pacificorp waived its right to object to the assignment of the matter to the expedited docket. We hold that Pacificorp actively participated in the expedited docket assignment without objection, with knowledge of its right to request reconsideration of that assignment within ten days, and manifested an intention to relinquish that right. Furthermore, in light of our analysis of the claim of Pacificorp that the valuation by the Department was erroneous, we cannot visualize any evidence that Pacificorp could have submitted at a contested case hearing that would have justified the erroneous appraisal methodology that it proposed. We hold no error occurred with respect to the assignment of the matter to the expedited docket neither by the Board nor in its Order Denying Petitioner's Request to Present Testimony.

The determination set forth in the Findings of Fact, Conclusion of Law, Decision and Order of the Board of Equalization is affirmed.