In The Matter of The Worker's Compensation Claim of Della M. Pederson, an Employee of Sheridan County School District No. 2:

Della M. PEDERSON, Appellant (Employee–Claimant, Petitioner),

v.

The STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector–Defendant, Respondent).

No. 96–111.

Supreme Court of Wyoming.

June 26, 1997

Rene Botten, of Northern Wyoming Law Associates, Sheridan, for Appellant.

Robert R. Rogers and Anthony T. Wendtland, of Davis & Cannon, Sheridan, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN JJ.

THOMAS, Justice.

The primary challenge by Della M. Pederson (Pederson) to the denial of worker's compensation benefits by the hearing examiner is that the decision did not comport with the evidence. The hearing examiner found that the evidence did not demonstrate a job-related injury resulting from an accident at the job site and the "injury" for which Pederson sought benefits was not caused by her employment. Instead, the hearing examiner ruled that "the difficulties she encountered before and after September 15, 1994 [the date of the claimed injury] were the result of a pre-existing condition." The pre-existing condition found by the hearing examiner was diabetes with associated physical deterioration. As collateral issues, Pederson asserts procedural improprieties leading to a decision that was arbitrary, capricious, and an abuse of discretion or otherwise not in accordance with law. The record includes substantial evidence, although controverted in part, to support the findings of fact by the hearing examiner. We are satisfied that the decision is not arbitrary, capricious, an abuse of discretion, or otherwise not supported by law. We hold that the hearing examiner correctly applied the law to the facts that properly were found, and the decision of the hearing examiner is affirmed.

In the Brief of Appellant, Della M. Pederson, the issues are stated as:

I. Is the *Findings of Fact, Conclusions of Law and Order* denying the award of benefits arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law?

II. Is the *Findings of Fact, Conclusions of Law and Order* denying the award of benefits arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law because it intentionally mischaracterizes the doctor's testimony, is unsupported by substantial evidence and is contrary to the weight of the evidence?

In the Brief of Appellee, State of Wyoming, the Worker's Compensation Division (Division) offers this counter-statement of the issues:

I. Whether the Hearing Officer's Findings of Fact, Conclusions of Law, and Order Denying Benefits contains prejudicial error.

II. Whether the Hearing Officer's Findings of Fact, Conclusions of Law, and Order Denying Benefits is supported by substantial evidence.

The Reply Brief for Appellant states no additional issues, but incorporates subtitles for Pederson's arguments as follows:

*The Hearing Officer abused his discretion in not informing Della of what matters he took official notice of and not affording her of an opportunity to contest the facts noticed.*

*The Findings of Fact, Conclusions of Law and Order, dated February 20, 1996 intentionally mischaracterizes the doctor's testimony, is unsupported by substantial evidence and is contrary to the weight of the evidence.*

Prior to September 15, 1994, Pederson had been employed by the Sheridan County School District as a cook for approximately seventeen years. In claiming worker's compensation benefits, Pederson asserts she injured her foot at work on that day. She testified her ankle "snapped" while she was attempting to move a loaded mixing bowl. She went to see her podiatrist the next day, and he diagnosed Charcot's foot, a deterioration of the bony structure of the foot, related to diabetes, which can lead to multiple fractures in bony regions. Charcot's foot generally is a progressive condition that develops over a period of time. The podiatrist testified that diabetics often suffer from this condition, along with neuropathy, a condition indicated by a loss of nerve sensation in the foot because of chemical and circulatory changes occurring in the small blood vessels. Pederson did not tell her podiatrist that her foot had "snapped" at work.

On September 21, 1994, Pederson executed a Report of Occupational Injury or Disease (Report of Injury) in which she described the situation in this way: "I went to work. My foot hurt some. As morning progressed, my foot got extremely bad. I could not handle pain and I had to go home." On the Report of Injury, Pederson noted that her foot had

been treated two years earlier in Billings, and that she had suffered a fall on the same foot the spring before. Pederson's medical records demonstrate that she visited an orthopaedic surgeon in Sheridan in February of 1993, and that physician said she suffered from a complete collapse of the medial arch. The medical records also show that Pederson saw the podiatrist for symptoms in the same foot on September 12, 1994, three days before she says she heard her foot "snap."

Pederson sought worker's compensation benefits, and the Division denied the claim. After she filed an objection, a contested case hearing was held on November 7, 1995. The hearing examiner decided that Pederson did not suffer an injury which was causally linked to her employment or that arose out of the course and scope of her employment. The hearing officer denied Pederson's claim for benefits, and she appealed that decision to the district court. The Division filed a motion to certify the question to this court, which was opposed by Pederson. The district judge then entered an order certifying the case to this Court.

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.*, 917 P.2d 619, 621 (Wyo. 1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of WYO. STAT. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech*, 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant, Pederson in this instance, has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.*, 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham*, 527 P.2d 432, 439 (Wyo. 1974); *Marathon Oil Co. v. Welch*, 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne*, 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses.

*Utech*, 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). Demonstrating evidentiary contradictions in the record does not establish the irrationality of the ruling, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it. *Matter of Corman*, 909 P.2d 966, 971 (Wyo.1996); *Knight*, 805 P.2d at 274; *Ward v. Board of Trustees of Goshen County School Dist. No. 1*, 865 P.2d 618, 623 (Wyo.1993); *State ex rel. Wyoming Workers' Compensation Div. v. Ramsey*, 839 P.2d 936, 941 (Wyo.1992).

■ The primary contention by Pederson is that the decision of the hearing officer should be set aside because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The hearing officer found that Pederson, despite her testimony, had not suffered any sort of "pop" or "snap" or trauma to her foot at work on September 15, 1994. That determination was based on the fact that the following day she did not report a "pop" or "snap" to her podiatrist. Further, she did not mention this "pop" or "snap" on the Report of Injury. That report was submitted on September 21, 1994, and never was amended.

Pederson's counter to the action of the hearing officer is that no evidence was presented to show that she suffered an injury other than at the work place. This argument begs the question of whether she suffered any injury at any time. The hearing officer is charged with determining the credibility of the witnesses, and that judgment is given deference in the reviewing court. Pederson's failure to tell her doctor about the claimed injury and her failure to set it forth on her Report of Injury, both events occurring within days of the claimed incident, provided a rational basis for the hearing officer to disbelieve her later testimony. It would be im-

proper for this court to re-weigh the evidence under the circumstances.

◾ We turn then to Pederson's procedural objections. She complains that the hearing examiner took judicial notice of interrogatories and the answers thereto without informing her. She also insists that these documents never were made a part of the record, and the hearing officer improperly relied on them. The pertinent provision of the Wyoming Administrative Procedure Act, WYO. STAT. § 16-3-108(d) (1990), states:

Notice may be taken of judicially cognizable facts. In addition notice may be taken of technical or scientific facts within the agency's specialized knowledge or of information, data and material included within the agency's files. The parties shall be notified either before or during the hearing or after the hearing but before the agency decision of material facts noticed, and they shall be afforded an opportunity to contest the facts noticed.

Our court rules, our statutes, and our prior decisions permit administrative agencies to officially notice their files. *Application of Campbell County,* 731 P.2d 1174, 1180 (Wyo. 1987); *Hansen v. Mr. D's Food Center,* 827 P.2d 371, 374 (Wyo.1992). *See In Matter of Worker's Compensation Claim of Beverly Nelson v. Sheridan Manor v. State, ex rel., Wyoming Workers' Safety and Compensation Division,* 939 P.2d 252 (Wyo.1997).

The questions then become whether the Employee/Claimant's Responses to Objector/Defendant's First Interrogatories and Requests for Production of Documents are an official part of the agency's file and whether Pederson was notified that the hearing examiner would consider this document so that she was afforded an opportunity to object. Pederson's answers to the interrogatories were filed on April 11, 1995, as a part of the Objector/Defendant's Disclosure Statement. From that point on, the document was an official part of the agency's file. The document is present in the file.

With respect to notice and an opportunity to object, the brief filed on behalf of the Division emphasizes, and we recognize, that the Order Setting Hearing and Order For Filing Disclosure Statement, sent to the parties on September 12, 1995, some two months before the hearing, contained this statement:

All parties are hereby given notice that this office will take official notice of and receive into evidence subject to the provisions of Section 16-3-108, W.S.1977, the entire content of the official file in this matter, as maintained by the Clerk of the District Court.

Pederson did have notice almost two months before the hearing that the hearing officer would notice the official file.

◾ While what we have said justifies the notice of the official file by the hearing officer, we must consider the use of the file in the adjudicative process. Adjudicative facts of which notice is taken by definition must be relevant because if they are not relevant they cannot be adjudicative facts. 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5104 (1977). In this instance, had the hearing examiner received the answers to interrogatories into evidence during the hearing, they would have been subject to the following provision of the Rules for Contested Case Practice and Procedure Before the Office of Administrative Hearings, Ch. 3 § 1(b):

Evidence may be received in written form, yet if such written evidence would not be admissible under the Wyoming Rules of Evidence, all parties should be afforded a reasonable opportunity to confront and cross-examine the author of the written evidence. Generally, such a reasonable opportunity is afforded by giving all parties written notice of the intent to introduce and rely upon the written evidence a reasonable period of time prior to the scheduled evidentiary hearing.

We are satisfied that the answers to interrogatories pass the test of relevance found in WYO. R. EVID. 401.

While Pederson complains that the interrogatories were not relevant and proper evidence in the hearing, the record discloses that she did not attempt to amend her answers to interrogatories. She did not object when the Division made them an exhibit, and she did not object within a reasonable

time when the hearing officer took judicial notice of the file. Furthermore, since these are Pederson's own answers to the interrogatories, the right to cross-examine is not significant. The passage relied upon by the hearing examiner out of the answers to interrogatories is essentially the same as Pederson's testimony at the hearing. In the Order Setting Hearing and Order For Filing Disclosure Statement, the hearing examiner clearly stated that he would take judicial notice of and receive into evidence the official file. In referring to the documents in the order entered after the hearing, he did not err. The answers to interrogatories were a part of the record; they were not objected to; and they were relevant evidence before the examiner.

In her final contention Pederson asserts that the findings of fact and conclusions of law were improperly drafted by the attorneys for the Division and then adopted by the hearing examiner. The hearing examiner can submit written findings in lieu of reading them into the record. Wyo. Stat.

§ 16–3–110 (1990). We have never required that the document be drafted by the hearing examiner; the statute is satisfied so long as the document is adopted by the hearing examiner as the decision in the case. We can only conclude that the draft was adopted by the hearing examiner in this instance.

The decision of the hearing examiner in this case was not arbitrary, capricious, nor did it constitute an abuse of discretion. It was supported by substantial evidence, and it was otherwise in accordance with law. The procedural errors complained of by Pederson are not demonstrated by the record. The Findings of Fact, Conclusions of Law and Order Denying Benefits entered by the hearing examiner is affirmed.