Eric L. THOMAS, Appellant (Petitioner),

v.

STAR AGGREGATES, INC., and State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees, (Respondents).

No. 98–225.

Supreme Court of Wyoming.

June 18, 1999.

W.R.A.P. 12.09(b) Certification from the District Court of Laramie County Honorable Edward L. Grant, Judge

Rocky L. Edmonds, Cheyenne, WY., for Appellant.

John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General, for Appellee State of Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Eric L. Thomas (Claimant) appeals from an order of the Office of Administrative Hearings denying worker's compensation benefits.

We affirm.

## ISSUES

Claimant raises a single issue for consideration:

Is the decision of the Office of Administrative Hearings supported by Substantial Evidence?

In addition to this issue, Appellee Wyoming Workers' Safety and Compensation Division (Division) presents an alternative ground for upholding the order denying benefits; specifically, that an untimely injury report by Claimant prejudiced the employer's ability to investigate the claim.[1]

## FACTS

The much-disputed facts associated with this case begin with Claimant's first, and only, day of employment with Star Aggregates, Inc. Claimant reported for work on Friday, September 19, 1997, a cold and rainy day. His assignment was to clear debris from beneath the conveyor belts, which transported rocks to the crushers. According to Claimant, early in the afternoon a rock came off of the conveyor belt, fell a short

1. In light of our conclusion that substantial evidence supported the Hearing Examiner's deci-

sion to deny benefits, we do not address the Division's alternative grounds for affirmance.

distance, and struck his hand. While he did not notice any serious injury to his hand at that time because of the cold, Claimant asserted that he reported the incident shortly thereafter to the crusher operator. Over the course of the following weekend, Claimant's hand became swollen and sore. Claimant called in on Monday, and reported that he could not work because of soreness in his hand. On Wednesday, September 24, 1997, Claimant was diagnosed with a broken bone in his hand.

On September 29, 1997, Claimant filed a Report of Injury. Star Aggregates objected, and the Division subsequently denied benefits. Pursuant to a request from the Claimant, the Office of Administrative Hearings held a hearing on March 3, 1998.

At the hearing, the witnesses for Star Aggregates disputed much of Claimant's story. The crusher operator testified that Claimant did not report the incident to him on the day of its alleged occurrence. He also testified that while it was possible for a rock to hit someone as described by Claimant, it was unlikely, and no one had been injured in such a manner previously. In addition, the office manager testified that when Claimant called in on the following Monday, Claimant did not report the injury but simply said that he could not work because he was "sick."

The most contentious dispute between the parties, however, centered around Claimant's time card. The time card contained a column next to the space for employee's signature titled "Injury?" accompanied with two boxes marked "Yes" or "No." Witnesses for Star Aggregates testified that the normal procedure was for each employee to check the appropriate box under "Injury?" at the time they signed their time cards. No one but an employee is allowed to check those boxes, and if an employee had failed to check either box, then the employee was contacted for an explanation. At the hearing, the time card for Claimant was introduced into evidence and the box under the "Injury?" column next to Claimant's signature is checked "No." Claimant vehemently denied ever checking the box and insinuated that someone else at Star Aggregates must have checked it.

On March 26, 1998, the Hearing Examiner issued an Order Denying Benefits, concluding that Claimant had failed to meet his burden of proving that he had suffered a compensable work-related injury, and that the employer was prejudiced in its ability to investigate the claim because of an untimely injury report by Claimant. Claimant sought review of the Order in the district court which certified the matter to this Court pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

When confronted with cases which have been certified to us pursuant to W.R.A.P. 12.09, this Court applies the appellate standards which are applicable to a reviewing court of the first instance. *Weaver v. Cost Cutters*, 953 P.2d 851, 854 (Wyo.1998). W.R.A.P. 12.09(a) limits judicial review of administrative decisions to a determination of those matters which are specified in Wyo. Stat. Ann. § 16–3–114(c), which provides in pertinent part:

(c) [T]he reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:

. . . .

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

. . . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (Michie 1997).

In *Pederson v. State ex rel. Wyoming Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo.1997), we articulated the standard to be used in determining whether the hearing examiner correctly found that the claimant failed to meet his or her burden of proof as follows:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.* 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law" language of Wyo. Stat. § 16-3-114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant * * * has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab, Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994).

In *Helm v. State ex rel. Wyoming Workers' Safety and Compensation Div.,* 982 P.2d 1236, 1240 (Wyo.1999), we further stated:

Applying the *Pederson* standard, we do not disturb the decision of the hearing examiner unless a claimant, in this instance Helm, can demonstrate that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. This rule affords the petitioner the opportunity to show that the findings of fact ... were contrary to the overwhelming weight of the evidence. When an agency's action or decision is "based on a consideration of relevant factors and is ra-

tional," we will not rule that the action or decision is arbitrary or capricious. *Mortgage Guaranty Ins. Corp. v. Langdon,* 634 P.2d 509, 520 (Wyo.1981).

(Footnote omitted.)

## DISCUSSION

■ Claimant's sole issue on appeal is whether the Hearing Examiner's decision that Claimant failed to meet his burden of proof is arbitrary and capricious. Essentially, Claimant's argument is that since he provided the only explanation of how his injury occurred, he had met his burden and, thus, should have been awarded benefits.

In this case, the Hearing Examiner found that the conflicting evidence made it impossible to determine whether Claimant's injury was work-related. Claimant testified that his hand was injured by a rock which came off the conveyor belt, and that he reported the incident that day to the crusher operator and on the following Monday when he called into work. The employer's witnesses, however, denied that Claimant had informed them of the injury as he claimed. In addition, while Claimant denied checking the "no injury" box on the time card, the employer's witnesses testified that only employees checked the box. Ultimately, the resolution of this conflicting evidence was dependent upon a weighing of the evidence and the credibility of the witnesses. This is a function which the Hearing Examiner must perform. *Weaver,* 953 P.2d at 855. This Court will not re-weigh the evidence nor substitute its judgment for that of the Hearing Examiner. *Snyder v. State ex rel. Wyoming Workers' Compensation Div.,* 957 P.2d 289, 292–93 (Wyo.1998). The Hearing Examiner could reasonably infer from the evidence that Claimant had not been injured at work, and therefore, the decision to deny benefits is supported by substantial evidence.

## CONCLUSION

The decision of the Hearing Examiner to deny benefits is not arbitrary or capricious, and the decision is, therefore, affirmed.