Shellie A. **CARRILLO**, Appellant (Petitioner),

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION**, Appellee (Respondent).

No. 98–219.

Supreme Court of Wyoming.

Sept. 21, 1999.

Representing Appellant: Donald L. Painter, Casper, WY.

Representing Appellee: Gay Woodhouse, Chief Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Darrell V. Goodman, Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

LEHMAN, Chief Justice.

A hearing examiner from the Office of Administrative Hearings denied appellant Shellie Carrillo's claim for worker's compensation benefits, concluding that Carrillo had failed to prove that her knee injury was work related. Carrillo filed a petition for review with the district court, and the district court affirmed the hearing examiner's determination. Having reviewed the record, we conclude that the hearing examiner's determination was not an abuse of discretion, and we affirm.

### ISSUES

Appellant Carrillo poses the following issue:

Whether any evidence supports the denial of compensation benefits in this case.

Appellee State, ex rel. Workers' Safety and Compensation Division (Division) presents the issue as:

Were the Hearing Examiner's findings supported by substantial evidence?

* Retired November 2, 1998.

## FACTS

On the evening of June 12,1997, Shellie Carrillo was working as a waitress at Debi-J's, a restaurant in Glenrock. Carrillo contends she injured her knee twice during her shift. She claims that she was exiting the kitchen through a swinging door when a coworker, Lisa Marie Cargile, stepped on her foot. In response, Carrillo alleges she jerked her foot from underneath Cargile's and let out an exclamation. Cargile testified that she has no recollection of stepping on Carrillo's foot or of hearing Carrillo's comments. Carrillo also claims that same evening she banged her knee into the same swinging door as Debi Simpson, one of the owners of the restaurant, entered the kitchen. Simpson testified that she has no recollection of running into Carrillo. At the end of her shift, Carrillo allegedly placed her leg on a restaurant chair and massaged her right knee. Neither Cargile nor Simpson saw her with her knee on the chair.

A few days later, Carrillo mentioned the incident to her supervisor. The supervisor relayed the information to the restaurant owners; and, on June 18, the owners met with Carrillo and filled out a worker's compensation injury report. The Division received the report on June 24, 1997. Carrillo's last day of work was June 25.

Carrillo self-treated the injury until she saw a physician's assistant a few days after the incident. On July 10, 1997, she visited an orthopedic surgeon (physician) who ultimately determined that Carrillo had sprained her right knee. The physician saw her once more in July and again in August. He noted improvement in August, but also expressed concerns about torn cartilage associated with the knee ligament sprain. Carrillo saw the physician again on October 16, 1997. During that visit, the physician found Carrillo's knee tender and puffy and recommended surgery. As of December 1, 1997, surgery had not been performed. Carrillo has, however, participated in physical therapy.

The Division denied Carrillo's application for benefits, and Carrillo objected to that determination. On review, a hearing examiner from the OAH also denied Carrillo's claim for benefits finding that Carrillo failed to prove she suffered a compensable injury on June 12, 1997. The hearing examiner based his conclusion on several determinations which centered around Carrillo's credibility. The hearing examiner found Cargile's testimony more credible than Carrillo's. This decision was influenced by the fact that Cargile no longer worked or associated with the Simpsons. Also, the hearing examiner attached little significance to Carrillo's physician's opinion which placed the cause of Carrillo's injury on the alleged work incident. In dismissing the physician's opinion, the hearing examiner noted that the physician based his opinion entirely on Carrillo's version of the events of the evening of June 12, 1997.

Carrillo filed a petition for review with the district court, and that court affirmed the hearing examiner's decision. This timely appeal followed.

## STANDARD OF REVIEW

When reviewing a hearing examiner's determination, we accord no special deference to the district court's decision. Instead, we review the action as if it had proceeded directly from the hearing examiner to us. *B-F Drilling, Inc. v. State, ex rel. Workers' Safety & Compensation Div.*, 942 P.2d 392, 395 (Wyo.1997); *Wyoming Steel & Fab, Inc. v. Robles*, 882 P.2d 873, 875 (Wyo.1994). A claimant requesting worker's compensation benefits has the burden of proving all essential elements of a claim by a preponderance of the evidence. *Pederson v. State, ex rel. Workers' Compensation Div.*, 939 P.2d 740, 742 (Wyo.1997); *Goddard v. Colonel Bozeman's Restaurant*, 914 P.2d 1233, 1236 (Wyo.1996). To prove by a preponderance of the evidence, the claimant must bring forth "proof which leads the trier of fact to find that the existence of the contested fact is more probable than its non-existence." *Thornberg v. State, ex rel. Workers' Compensation Div.* 913 P.2d 863, 866 (Wyo.1996) (quoting *Scherling v. Kilgore*, 599 P.2d 1352, 1359 (Wyo.1979)).

When a hearing examiner concludes that a claimant has failed to meet his or her burden of proof, that conclusion is

reversed only if it is found to be arbitrary, capricious, an abuse of discretion or not in accordance with law. *Pederson,* 939 P.2d at 742; *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995); *Bohren v. State, ex rel. Workers' Compensation Div.,* 883 P.2d 355, 357–58 (Wyo.1994). Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999); *Utech,* 895 P.2d at 452. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. *Pederson,* 939 P.2d at 742; *Robles,* 882 P.2d at 875. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it. *Pederson,* 939 P.2d at 742, and cases therein cited. The findings of fact may include determinations of witness credibility, as the hearing examiner is charged with determining the credibility of the witnesses. *Pederson,* 939 P.2d at 742; *Utech,* 895 P.2d at 451, and cases therein cited. In our review, we will not overturn the hearing examiner's determinations regarding witness credibility unless they are clearly contrary to the overwhelming weight of the evidence. *Nellis v. Dep't of Transp.,* 932 P.2d 741, 743 (Wyo.1997); *Pederson,* 939 P.2d at 742; *Robles,* 882 P.2d at 875.

### DISCUSSION

■ Under the statutory definition of injury, Carrillo must prove her injury arose out of and in the course of employment. Wyo. Stat. Ann. § 27–14–102(a)(xi) (Michie Cum.Supp.1996); *Goddard,* 914 P.2d at 1236. The hearing examiner's order provided:

> Carrillo has testified to an incident that occurred on June 12, 1997. The other people present on that date, Cargile and Simpson, have presented testimony which brings into question or contradicts Carrillo's version of the evening. Cargile is no longer employed at Debi J's and there is no question that she is not a friend of the Simpsons. Her testimony is very credible and does not concur with the testimony of Carrillo. With this conflicting testimony

this Office cannot find that a compensable injury occurred on June 12, 1997.

The physician treating Carrillo believed that the incidents that transpired on the evening of June 12, 1997, caused Carrillo's knee injury. In reviewing the opinion of the physician, the hearing examiner stated:

> The opinion of [the physician] is based on Carrillo's version of what happened on June 12, 1997. Since Carrillo's version is in question, little weight can be given to the doctor's opinion. Carrillo has failed to meet her burden and has failed to establish that she suffered a compensable injury on June 12, 1997.

■ The hearing examiner is in the best position to judge the credibility of the witnesses. *Goddard,* 914 P.2d at 1237; *Utech,* 895 P.2d at 451. The hearing examiner noted the inconsistencies between Carrillo's testimony and that of Cargile and Simpson. He determined that Cargile's testimony was more credible because she had nothing to gain from her testimony. At the time of her testimony, she did not work for the Simpsons, and she was not on friendly terms with them. Under these circumstances, we will not overturn the hearing examiner's credibility determination.

■ As with lay witnesses, the hearing examiner is also in the best position to judge and evaluate the expert witnesses and their opinions. *Goddard,* 914 P.2d at 1237; *Thornberg,* 913 P.2d at 869. The hearing examiner is charged with determining relevancy, assigning probative value and ascribing relevant weight to medical testimony. *Clark v. State, ex rel. Workers' Safety & Compensation Div.,* 934 P.2d 1269, 1271 (Wyo.1997). When the agency finds an expert opinion is unreasonable or not adequately supported by the facts upon which it is based, he may disregard that opinion. *Clark,* 934 P.2d at 1271. Carrillo's physician based his opinion on information given to him by Carrillo. The hearing examiner, having concluded Carrillo's testimony was not as compelling as the other witnesses, determined that the physician's opinion carried little weight. The hearing examiner's determinations were reasonable in light of the evidence before him.

## *CONCLUSION*

The hearing examiner did not abuse his discretion in determining that Carrillo failed to meet her burden of proving her knee injury was work related. Based on our review of the whole record, we find the hearing examiner's conclusion was reasonable. The decision of the district court, which affirmed the hearing examiner's decision, is affirmed.