2001 WY 20

**In the Matter of the WORKER'S COMPENSATION CLAIM OF Nancy L. HAMILTON, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. 00–91.**

Supreme Court of Wyoming.

Feb. 27, 2001.

Representing Appellant: H. Richard Hopkinson of Gorrell & Hopkinson, P.C., Worland, WY.

Representing Appellee: Gay Woodhouse, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS,* GOLDEN, HILL, and KITE, JJ.

GOLDEN, Justice.

[¶1] The primary issue in this appeal is whether a worker compensation claimant's inconsistent reports of the cause of her injury entitle a hearing examiner to determine an injury is not work-related. We affirm the hearing examiner's decision.

## ISSUES

[¶2] Appellant Nancy L. Hamilton presents this single issue for our review:

Did the Wyoming Office of Administrative Hearings (OAH) act arbitrarily, capriciously, or otherwise unlawfully in the meaning of the Wyoming workers' compensation law and contrary to substantial evidence when it entered, on December 30, 1999, a final order, denying appellant, Nancy L. Hamilton's claim for workers' compensation benefits in ruling that she had not satisfied her burden of proof in establishing that she had suffered a work-related accident on July 14, 1999, while employed by Crazy Woman Safety Enterprises, Inc.?

The Division contends that the issues are:

I. The Employee gave several accounts about the onset of her injury, and the Hearing Examiner denied benefits because he did not believe the injury occurred at work.

 A. Should the Court defer to the Hearing Examiner's credibility determination?

 B. Did the Employee fail to prove a material aggravation?

* concurred prior to retirement

C. Was the second compensable injury rule unavailable?

## FACTS

[¶ 3] Hamilton was employed as a flagger for Crazy Woman Safety Enterprises. Hamilton claims that on July 14, 1999, while lifting a barrel, she injured her back. She told her supervisor, left work at 12:30 p.m. and rested the remainder of the day. The next morning her pain was severe, and she was taken to the emergency room. She was admitted to the hospital, administered pain relievers overnight, and discharged the next day. Tests showed that she had a herniated disc. Her timecard on the date of discharge shows that she worked a ten-hour day and worked a normal schedule after that.

[¶ 4] On July 21, 1999, she filed a claim for injury. The employer objected to her claim that she had suffered a work-related injury, and the Division denied benefits. At a hearing, the evidence showed that Hamilton filled out timecards on a daily basis that required her to mark a box "yes" or "no" if she had been harassed or injured. All of her timecards from July 14 through July 22 were marked "no." Although the date of the timecard marked July 14 was altered, Hamilton testified that she had initialed the "no" box to indicate that she had not been harassed.

[¶ 5] The employer produced evidence that Hamilton had begun seeing a chiropractor for lower back pain on May 12, 1999, and reported that her pain had begun on May 4 while tying her shoe at home. Hamilton saw the same chiropractor on July 13, 1999. The doctor's notes indicate that the visit was for left lower back pain that radiated into the left leg at the highest possible pain rating; however, Hamilton claimed that it was another visit to correct pain in her hip that she had been experiencing since May 4.

[¶ 6] Hamilton's coworker testified that he heard her express pain on July 14, and she told him that she had hurt her back. He did the rest of the lifting that day and observed that she appeared to be in pain and was unable to lift barrels. Hamilton argued that the employer altered the date of the timecard to produce one showing that she had initialed "no" to the question of whether she had been injured for that day. The employer contended no evidence showed that it had altered the timecard. It pointed to medical reports in the record showing that Hamilton's injury had been suffered months earlier at home and was not work-related.

[¶ 7] The hearing examiner found that, on July 15, 1999, Hamilton reported to the emergency room physician that her pain had begun two months earlier while leaning over to place cones on the highway. Despite her testimony at the hearing that she was seeing the chiropractor for other reasons, the chiropractor's notes indicated he was seeing her for lower back pain that was progressively worsening. The hearing examiner also found that on July 21, 1999, Hamilton reported to a physician's assistant that she had been experiencing the lower back pain for two months after placing cones on the highway and stated that the pain had never really resolved in that time. She had an acute worsening of symptoms on July 15 that required admission to the hospital.

[¶ 8] The hearing examiner concluded that Hamilton's statements to her doctors contradicted her testimony that she suddenly experienced the onset of different symptoms following a work-related injury. It concluded that the chiropractor's deposition testimony—that since May of 1999, he had been treating Hamilton for lower back pain symptoms similar to what she now complained of and she had stated then that the symptoms were by an injury suffered while tying her shoe at home—was significant. These several discrepancies and observation of her demeanor led the hearing examiner to find that Hamilton's credibility was suspect and conclude that she had failed to prove she had suffered a work-related injury on July 14, 1999.

## DISCUSSION

*Standard of Review*

[¶ 9] When reviewing a hearing examiner's decision that a worker's compensation claimant has failed to meet the burden of proof, we apply the following principles:

A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. *Martinez v. State ex rel. Wyoming Workers' Compensation Div.,* 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of Wyo. Stat. § 16–3–114(c)(ii) (1990). *City of Casper v. Utech,* 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant . . . has the burden of proving arbitrary administrative action. *Knight v. Environmental Quality Council of State of Wyo.,* 805 P.2d 268 (Wyo.1991); *Wyoming Bancorporation v. Bonham,* 527 P.2d 432, 439 (Wyo.1974); *Marathon Oil Co. v. Welch,* 379 P.2d 832, 836 (Wyo.1963); *Whitesides v. Council of City of Cheyenne,* 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. *Utech,* 895 P.2d at 451, and cases therein cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab., Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). *Pederson v. State ex rel. Workers' Compensation Div.,* 939 P.2d 740, 742 (Wyo.1997); *see also, Nissen v. Cheyenne Frontier Days, Inc.,* 983 P.2d 722, 724–25 (Wyo.1999); *Carrillo v. State ex rel. Workers' Safety and Compensation Div.,* 987 P.2d 690, 692–93 (Wyo.1999).

[¶ 10] On appeal, Hamilton contends that the hearing examiner's decision is not supported by substantial evidence because it failed to consider that an x-ray taken on May 12, 1999, by her chiropractor failed to disclose a disc herniation and none was present when she presented to the chiropractor on July 13, 1999. Hamilton also contends that the hearing examiner failed to consider whether the facts presented a second compensable injury or a material aggravation of a preexisting condition.

[¶ 11] Having examined the entire record, we begin by upholding the hearing examiner's decision to believe the chiropractor's deposition testimony that he was treating Hamilton for lower back pain symptoms. Hamilton's testimony that she was not being treated for lower back pain directly contradicted the chiropractor's testimony. Credibility determinations are the unique province of the hearing examiner, and we eschew reweighing those conclusions. *Carrillo,* 987 P.2d at 693. Although Hamilton contends that upholding the credibility determination is contrary to our decision in *Ikenberry v. State ex rel. Workers' Compensation Div.,* 5 P.3d 799 (Wyo.2000), this case does not pose the same concerns as *Ikenberry* where irrelevant inconsistencies led to an irrational finding that the claimant had not suffered a work-related injury. *Id.* at 809. *Ikenberry* distinguished between the facts it was considering and a proper denial of benefits because of contradictions by the claimant. *Id.* Specifically, it found that when the claimant's benefit claim is based on a report of injury caused by work activities and the immediate onset of pain symptoms, and this claim directly contradicts statements made to doctors that the pain could not be attributed to any work-related episode and was reported as progressive over a period of time, denial of benefits is proper. *Id.* at 810. That situation is very similar to Hamilton's. Her statements to her chiropractor indicated that she suffered an injury at home resulting in lower back pain and began treatment for it in May 1999. She received another treatment on July 13, 1999, for the same symptoms. Her symptoms on July 15 that required hospitalization were not different. The hearing examiner's decision that these inconsistencies resulted in Hamilton's failure to prove by a preponderance of the evidence that she suffered a work-related injury is affirmed.

[¶ 12] Hamilton next contends that she could have been awarded benefits for a material aggravation of a preexisting condition. She had the burden to prove the material aggravation. The evidence showed that

her symptoms in May were the same as those she suffered on July 15 which subsided and allowed her to be discharged on the July 16 and work a ten-hour day that same day. We find that the hearing examiner's decision is supported by substantial evidence.

[¶ 13] Finally, Hamilton contends that her statements to the physician's assistant on July 21 indicate that she had suffered a compensable injury in May placing cones on the highway and suffered another on July 14 while lifting the barrels. The hearing examiner determined that Hamilton reported to her chiropractor in May that her symptoms were caused by the shoe-tying incident which is not a first compensable injury. The hearing examiner's decision not to consider this a second compensable injury is supported by substantial evidence.

[¶ 14] We affirm the order denying benefits.